**In re GRAND JURY SUBPOENA DATED JULY 6, 2005.**

No. 05–6891–cv.

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Paula Schwartz Frome, Law Office of Paula Schwartz Frome, Esq., Garden City, New York, for Appellant.

Robert M. Radick, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York on brief) Brooklyn, New York, for Appellees.

Present: Hon. ROSEMARY S. POOLER, Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

In a separate opinion issued today, we address Appellant's claim that recordings he made of conversations with a business colleague are entitled to attorney work product protection. There, we hold that the district court did not err in concluding that while the recordings were fact work product, the government established that the grand jury had a substantial need for the recordings and could not obtain the information contained on them through other means. In this summary order, we address Appellant's additional claims of entitlement to various privileges. We assume the parties' familiarity with the facts

and procedural history, which is set forth more fully in our companion opinion.

## I. Fifth Amendment

■ Because no compulsion is present where documents are voluntarily prepared, *United States v. Doe,* 465 U.S. 605, 612 n. 10, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), "the Fifth Amendment does not protect the contents of voluntarily prepared documents, business or personal," *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992,* 1 F.3d 87, 93 (2d Cir.1993). *See also In re Three Grand Jury Subpoenas Duces Tecum Dated Jan. 29, 1999,* 191 F.3d 173, 178 (2d Cir.1999).

Appellant argues that we have previously held that while certain documents were voluntarily created that does not necessarily end the privilege analysis. *United States v. DeFonte,* 441 F.3d 92, 94 (2d Cir.2006). *DeFonte* is inapposite because DeFonte did not assert a Fifth Amendment privilege claim. There is no dispute that Appellant voluntarily made these recordings; the recordings are not entitled to Fifth Amendment protection.

## II. Act of Production Privilege

While no Fifth Amendment privilege extends to contents of voluntarily prepared documents, the act of producing these documents in response to a subpoena might require incriminating testimony. *See, e.g., In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992,* 1 F.3d 87, 93 (2d Cir.1993). Because the privilege against document production is grounded in "the 'communicative aspects' of the act of production," *United States v. Fox,* 721 F.2d 32, 36 (2d Cir.1983), it extends only where "the accused is compelled to make a Testimonial Communication that is incriminating," *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Thus, the "act of production privilege" is limited to two situations: first, "if the existence and location of the subpoenaed papers are unknown to the government" and, second, "where production would 'implicitly authenticate' the documents...." *Fox,* 721 F.2d at 36 (citations omitted).

■ First, we must determine "if the existence and location of the subpoenaed papers are unknown to the government." *Id.* Appellant notes that the government is not aware of the number of tape(s) he made, the number of conversations recorded, or whether the tapes are in his or his attorney's possession. Indeed, Appellant asserts that the government does not even know if the tapes still exist. The government contends it need not know the precise number of recordings or conversations; that Appellant admitted the existence of the recordings; and that it is unlikely that he destroyed the recordings given that he admitted in the May 15 interview that he made the recordings to protect himself. The government also argues that it is logical to assume that Appellant or his attorney maintained control over the recordings. In any event, the government contends, it need not pinpoint the exact location of the recordings.

The district court did not err in concluding that the government knew, with sufficient particularity, the existence and location of the recordings. Appellant attempts to graft an improbable new shoot onto our existing act of production jurisprudence. It is irrelevant that the government does not know the exact number of recordings or conversations, or the precise location of the recordings. The government must merely "demonstrate with reasonable particularity that it knows of the existence and location of the subpoe-

naed documents," *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992,* 1 F.3d at 93 (citation omitted), at the time the subpoena was issued, *United States v. Rue,* 819 F.2d 1488, 1493 (8th Cir.1987) (IRS summons). *See also United States v. Walker,* 982 F.Supp. 288, 291–92 (S.D.N.Y.1997) (applying *Rue* to subpoena duces tecum in criminal case). The district court did not err in concluding that the government met its burden. There is no evidence suggesting that Appellant or his attorney are not in possession of the recordings, and compliance with the subpoena will not require Appellant to incriminate himself by admitting the existence and location of those recordings. *Fisher,* 425 U.S. at 408, 96 S.Ct. 1569; *Fox,* 721 F.2d at 36.

▪ Second, we must determine if "production would 'implicitly authenticate' " the recordings. *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992,* 1 F.3d at 93. The district court noted that Appellant did not contest that the tapes could be authenticated using one of the several alternatives proposed by the government— for instance, that individuals familiar with Appellant's and Broker's voices could identify them, that the government could ask Broker to identify his voice, or that the government could rely upon experts to authenticate the voices on the tapes. While Appellant now contends that the government's alternatives are "sheer speculation," we find that argument meritless and, in any event, waived because he did not make it to the district court.[1] *See United States v. Liebman,* 40 F.3d 544,

551 (2d Cir.1994) ("Generally, issues not raised in the trial court . . . will be deemed waived on appeal in the absence of plain errors or defects affecting substantial rights." (internal quotation marks and brackets omitted)). The district court did not err in concluding that the act of production would not "implicitly authenticate" the recordings. *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992,* 1 F.3d at 93.

## III. Attorney–Client Privilege

Attorney-client privilege protects only "confidential communications made for the purpose of obtaining legal advice." *Vingelli v. United States Drug Enforcement Agency,* 992 F.2d 449, 454 (2d Cir.1993). A person claiming the privilege must establish all of its essential elements. *See, e.g., In re Horowitz,* 482 F.2d 72, 82 (2d Cir.1973). "That burden is not, of course, discharged by mere conclusory or ipse dixit assertions . . . ." *In re Bonanno,* 344 F.2d 830, 833 (2d Cir.1965); *see also von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 146 (2d Cir.1987).

▪ Appellant contends that this Court's decision in *United States v. DeFonte,* 441 F.3d 92, extends the privilege to the recordings because they were "made at the behest of his attorney in the course of representation." Appellant overstates *DeFonte.* In *DeFonte,* we considered whether to extend attorney-client privilege to an inmate's diary that contained summaries of conversations with her attorney and notes about incidents that she intended to discuss with her attorney. *Id.* at 95.

---

1. Appellant does not argue that the district court erred as a matter of law in finding that the existence of alternative ways to authenticate a document makes inapplicable the "authentication" prong of the act of production doctrine. Instead, he only argues that the court erred in accepting the government's argument that these other grounds of authentication exist here.

Concluding the privilege extended to memorializations of past conversations, this court suggested that the witness's notes about what she wished to discuss with her attorney would be protected only if they were "subsequently discussed with [her] counsel." *Id.* at 95–96. Appellant does not explain why *DeFonte* should be extended here, where the communications at issue are recordings Appellant made of conversations with Broker, conversations that clearly occurred outside of the bounds of the attorney-client relationship—unlike the private journal entries in *DeFonte*. Extending *DeFonte* to this case would expand the scope of attorney-client privilege to include every conversation a client has with a third party where the client contends that his attorney directed him to engage in that conversation. This we will not do. The district court correctly held that Appellant did not uphold his burden to show that the contents of the recordings were confidential communications between Appellant and his attorney. Attorney-client privilege does not shield the recordings.

Accordingly, for the reasons set forth above and in the companion opinion also filed on this date, the judgment of the district court is hereby AFFIRMED. Appellant is directed to comply forthwith with the July 6, 2005 grand jury subpoena.